```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA

                         Alexandria Division

WILLIAM G. THORNE,            )
     Plaintiff,               )
                              )
          v.                  )    1:08cv601 (JCC)
                              )
KELLY HALE et al.,            )
     Defendants.              )
                              )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on a Motion for Summary Judgment brought jointly by Defendants the Rappahannock Area Community Services Board (the "RACSB"); Kelly Hale ("Hale"), the Administrator of the Rappahannock Regional Drug Court; and Sharon Gillian (also known as "Sharon Killian") ("Killian"), the Fredericksburg Clinic Coordinator employed by the RACSB (collectively, the "Defendants").  For the following reasons, the Court will grant Defendants' Motion for Summary Judgment.

### I. Background

A. Procedural History

*Pro se* plaintiff William G. Thorne ("Thorne") brought this suit against several individuals and entities that took part in treating him for his drug and alcohol addictions through Virginia's drug court program.  His experience with the drug court stems from a state criminal proceeding for the possession of a controlled substance.  Thorne filed his original complaint

(the "Complaint") in June 2008, alleging, among other things, that he was required to participate in the Alcoholics Anonymous ("AA") and Narcotics Anonymous ("NA") addiction treatment programs which contravened his religious beliefs.  At oral argument on the motions to dismiss filed by the initial group of Defendants, the Court granted Thorne leave to amend the Complaint.  He did so on October 22, 2008.

The amended complaint ("Amended Complaint") re-alleged, by reference, everything in the Complaint.  Thorne alleged that the mandatory nature of the AA and NA programs and other practices related to the Regional Jail/Drug Court treatment program violated his First, Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendment rights.  He also alleged violations of the Americans with Disabilities Act ("ADA"), the Civil Rights Act of 1964, and the Civil Rights Act of 1871, 42 U.S.C. § 1983 (through which, the Court presumes, he brings his constitutional claims).  Additionally, Thorne claimed that the defendants violated Virginia statutory law and various provisions of the Virginia Administrative Code related to the provision of mental health services.  In recompense, Thorne asked: (1) for $60,000,000 in damages; (2) that the Court declare his state court plea agreement null and void; and (3) that the Court order the Civil Rights Division of the Department of Justice to launch an investigation into the Rappahannock Regional Jail doing

business as the Rappahannock Regional Drug Court.

On March 26, 2009, after considering the initial group of defendants' motions to dismiss the Amended Complaint, the Court dismissed all of Thorne's claims brought pursuant to the ADA and state law, all of his requests for equitable and injunctive relief, and all claims against defendants Karl Hade ("Hade"), Judith Alston ("Alston"), the Rappahannock Regional Jail, and the Rappahannock Regional Jail doing business as the Rappahannock Regional Drug Court.  The Court denied the motions to dismiss the § 1983 claims against the RACSB, Hale, and Killian.  On April 23, 2009, the remaining Defendants the RACSB, Hale and Killian filed Answers to the Amended Complaint.  On June 3, 2009, the magistrate judge in the matter ("Magistrate") entered a Rule 16(b) Scheduling Order ("Scheduling Order") adopting the Rule 26 Discovery Plan as proposed by the parties.

Since the issuance of this Scheduling Order, Plaintiff has repeatedly violated the Scheduling Order and the applicable Federal Rules of Civil Procedure.  For example, Plaintiff has never produced Rule 26(a)(1) disclosures, never provided appropriate responses to Defendants' request for production of documents and interrogatories, failed to appear for two depositions that were properly noticed, failed to comply with the Magistrate's August 21, 2009 order requiring him to respond to discovery within two weeks of September 4, 2009, failed to comply

with the Magistrate's September 18, 2009 order requiring him to appear for deposition within two weeks, and failed to file a witness list, exhibit list, and set of exhibits on or before the pretrial date as required by the Scheduling Order.

On September 18, 2009, in light of Plaintiff's repeated discovery violations, the Magistrate ordered that Plaintiff "may not defend at summary judgment or at trial using any evidence he has not produced in discovery." (Dkt. 97.) Plaintiff has yet to comply with the Magistrate's September 18, 2009 order and continues to remain in violation of the Scheduling Order. On October 6, 2009, Defendants jointly filed a Motion for Summary Judgment seeking dismissal of Plaintiff's § 1983 claims against them and gave Plaintiff proper *Roseboro* notice. Plaintiff has failed to oppose the motion. Defendants' unopposed Motion for Summary Judgment is before the Court.

### B. Undisputed Facts

Plaintiff did not file an opposition to Defendants' Motion for Summary Judgment and did not submit any facts that contradict those submitted by Defendants. *See* Local Civil Rule 56 ("[T]he Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.") The undisputed facts are as follows.

In March 2006, Thorne entered into a plea agreement on a possession of a controlled substance charge in the Circuit Court of the City of Fredericksburg.  (Defs.' Mem. in Supp. of Mot. for Summ. J. ("Defs.' Mem.") 6, Ex. 3.)  As part of the plea deal, he was referred to the Drug Treatment Court Program to undergo treatment for his drug and alcohol addiction.  (Defs.' Mem. 6.)  In his March 7, 2006 plea agreement, Thorne agreed that he "had ample time to discuss with [his] attorney the procedures and consequences of [his] request for admission to the Rappahannock Area Regional Drug Treatment Court Program." (Defs.' Mem. 6, Ex. 3.)  On March 13, 2006, Thorne signed the Rappahannock Area Regional Drug Treatment Court's Participation Agreement which explicitly provided that the Drug Treatment Court could impose sanctions including incarceration in the event he fails to demonstrate progress in treatment.  (Defs.' Mem. 6, Ex. 4.)  As part of the Drug Treatment Court Program,  Thorne was required to perform community service work and complete it within four weeks upon being assigned the work.  (Defs.' Mem. 6, Ex. 5.) Had Thorne successfully completed the Rappahannock Area Regional Drug Treatment Court Program, the state would have dropped the charge against him.

While Thorne was in the Drug Treatment Court Program, he received treatment and support from the RACSB.  (Defs.' Mem. 6.)  The RACSB has never required Plaintiff to attend the AA or

NA meetings and never imposed any sanctions against Thorne because it does not have any authority to do so.  (Defs.' Mem. 6.)  Neither Hale nor Killian, has ever advised Thorne that the completion of the AA or NA programs was mandatory, advised that he could not avail himself to alternative drug treatment programs, or required him to report his attendance at the AA or NA programs.  (Defs.' Mem. 6.)  It appears that, after having a number of failed urinalyses, Thorne was incarcerated for his failure to comply with the program's requirements.  (Defs.' Mem. 6.)  Because of his failure to make adequate progress in the program, Thorne was eventually removed from the Drug Court Program and was convicted of the drug offense in April 2007.  (Defs.' Mem. 6-7.)

## II. Standard of Review

Summary judgment is appropriate only if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Evans v. Techs. Apps. & Serv. Co.*, 80 F.3d 954, 958-59 (4th Cir. 1996) (citations omitted).  The party seeking summary judgment has the initial burden of showing the absence of a material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could

return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The party opposing summary judgment may not rest upon mere allegations or denials. Rather, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (quotation omitted). In reviewing the record on summary judgment, the court "must draw any inferences in the light most favorable to the non-movant" and "determine whether the record taken as a whole could lead a reasonable trier of fact to find for the non-movant." *Brock v. Entre Computer Ctrs., Inc.*, 933 F.2d 1253, 1259 (4th Cir. 1991) (citations omitted).

### III. Analysis

The only remaining claims in the Amended Complaint are Thorne's constitutional claims through § 1983 against Defendants the RACSB, Hale and Killian. The Court considers these claims against each Defendant in turn.

A.  Defendant RACSB

Section 1983 provides a cause of action against any "person who, under color of any statute, ordinance, regulation,

custom, or usage" causes deprivation of another citizen's right under the Constitution or federal law.  42 U.S.C. § 1983. Municipalities and local government units, such as counties, however, are treated as "persons" under § 1983.  *Monell v. Dep't of Social Services of New York*, 436 U.S. 658, 690 (1978).  Thus, they can be held liable when a constitutional violation results from the enforcement of a municipal policy or practice, or the decision of a final municipal policymaker.  *Id.* at 691.

While counties and cities themselves are potentially liable under § 1983, quasi-local agencies like the RACSB are generally not considered "persons" amenable to suit under the statute.  *See Smith-Berch, Inc. v. Balt. County, Md.*, 68 F. Supp. 2d 602, 626-628 (D. Md. 1999) (holding that several municipal sub-divisions such as county council, permits department, and the office of zoning commissioner are not "persons" under § 1983) (rev'd and remanded on other grounds); *Post v. Fort Lauderdale*, 750 F. Supp. 1131, 1131-33 (S.D. Fl. 1990) (holding that city police and zoning departments are not "persons" under § 1983) (rev'd and remanded on other grounds); *United States v. Kama*, 394 F.3d 1236, 1240 (9th Cir. 2005) (Ferguson, J., concurring) (holding that municipal police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983).  The RACSB is a local government agency that was established in 1970 under Chapter 10 of the Code of Virginia,

which serves one city (Fredericksburg) and five counties in the Commonwealth of Virginia.  (Defs.' Mem. Ex. 6.)  Based on this fact, the Court finds that the RACSB is not a local government unit capable of being sued under § 1983.

Even if the Court were to assume that the RACSB were a municipality or local government unit capable of being sued under § 1983, the RACSB will not be subject to *respondeat superior* liability under § 1983 for employing constitutional tortfeasors.  *Monell*, 436 U.S. at 691.  Rather, in order for liability to attach against the RACSB, there must be "a deprivation through *an official policy or custom*."  *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999) (emphasis added).  In *Carter*, the Fourth Circuit has found that an official policy "may be found in written ordinances and regulations, in certain affirmative decisions of individual policymaking officials, or in certain omissions on the part of policymaking officials that manifest deliberate indifference to the rights of citizens."  *Id*. (internal citations omitted).  Moreover, an official custom may be found when a particular practice "is so persistent and widespread and so permanent and well settled as to constitute a custom or usage with the force of law."  *Id*. (internal quotation marks omitted).

Plaintiff plainly failed to present a sufficient evidentiary basis for imposing liability against the RACSB. Plaintiff adduced no evidence whatsoever that it was the official

policy or custom of the RACSB to authorize or to support the mandatory attendance at the AA or NA meetings as part of the Drug Court Treatment Program.  Defendants' undisputed facts show, on the other hand, that the RACSB itself has never required Thorne to attend the AA or NA meetings and has no authority to sanction Thorne for his non-compliance with the recommended programs.  Based on these facts, the Court finds that Plaintiff has failed to establish any basis for the § 1983 claims against the RACSB.

### B.   Defendants Hale and Killian

Defendants Hale and Killian assert that qualified immunity blocks Thorne's § 1983 claims against them.  (Defs.' Mem. 13.)  Government officials sued under § 1983 may be entitled to qualified immunity, which protects them from civil suits when their performance of discretionary functions "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

Under *Saucier v. Katz*, courts undertake a two-part inquiry to determine whether the defense of qualified immunity applies.  533 U.S. 194, 201-02 (2001).  A court determines whether, "[t]aken in the light most favorable to the party asserting the injury," the facts alleged by that party "show the officer's conduct violated a constitutional right."  *Id.* at 201.  If a constitutional violation did occur, the court then asks

15

"whether the right was clearly established." *Id.* at 202. In making this second inquiry, the court "ascertain[s] 'whether a reasonable [official] could have believed [the challenged conduct] to be lawful, in light of clearly established law.'" *Meeker v. Edmundson*, 415 F.3d 317, 323 (4th Cir. 2005) (quoting *Anderson v. Creighton*, 483 U.S. 635, 641 (1987)). However, the Supreme Court in *Pearson v. Callahan*, 129 S.Ct. 808, 818 (2009), held that this sequence is no longer mandatory. Rather, the court may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Id.* With this in mind, the Court begins its analysis by considering the question of whether Thorne has shown violations of a constitutional right by Defendants Hale and Killian.

Plaintiff alleges Defendants Hale and Killian deprived him of his First, Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendment rights. Defendants Hale and Killian submit that the undisputed material facts show that the allegations alleged against them do not rise to the level of constitutional violations. (Defs.' Mem. 9.) Plaintiff has adduced no evidence showing that either Hale, the Administrator of the Rappahannock Regional Drug Court (Defs.' Mem. Ex. 8), or Killian, the Fredericksburg Clinic Coordinator employed by the RACSB (Defs.'

16

Mem. Ex. 7), was somehow responsible for or involved in the implementation or recommendation of the treatment program to which Thorne was subjected, which allegedly included mandatory participation in the AA or NA programs.  There is no evidence that Defendants Hale or Killian, in any way, coerced Thorne into a constitutionally-impermissible treatment scheme, thereby violating Thorne's constitutional rights.  There is also no evidence that either Hale or Killian's specific involvement in the Drug Court Treatment Program resulted in the imposition of sanctions upon Thorne.  On the contrary, Defendants' undisputed evidence shows that neither Hale nor Killian has ever advised Thorne that the AA or NA programs were mandatory and neither one has instructed Thorne that he could not avail himself to alternative support programs.  (Defs. Mem. Exs. 7-8.)  Thus, the Court finds that Plaintiff failed to demonstrate how his bare allegations give rise to any valid constitutional claims against these Defendants.

Additionally, Defendants Hale and Killian submit that the authority with regard to the Drug Treatment Court and the requirements thereof stem from the Supreme Court of Virginia. (Defs.' Mem. 15.)  As Defendants Hale and Killian correctly point out, the Supreme Court of Virginia, among other things, provides oversight for the distribution of funds for the Drug Treatment Courts, provides technical assistance to the Drug Treatment

Courts, and provides training to the providers of administrative, case management, and treatment services to the Drug Treatment Courts under Virginia Code § 18.2-254.1(E).  (Defs.' Mem. 15.)  Defendants Hale and Killian state that they were "simply performing their jobs" in attempt to support Plaintiff in a voluntary diversionary program.  (Defs.' Mem. 15.)  In light of Plaintiff's failure to adduce any evidence showing that it must have been clear to Defendants that their conduct was unlawful in the situation they confronted, *Saucier*, 533 U.S. at 202, the Court finds that Plaintiff failed to establish any constitutional violation to a right clearly established, such that Defendants were not entitled to qualified immunity.[1]

### IV. Conclusion

For the foregoing reasons, Defendants the RACSB, Hale, Killian's Motion for Summary Judgment will be granted as to all remaining claims.

An appropriate Order will issue.


October 29, 2009                            /s/
Alexandria, Virginia                James C. Cacheris
                              UNITED STATES DISTRICT COURT JUDGE

---

[1] The Court also alternatively finds that Defendant Hale, the Administrator of the Rappahannock Regional Drug Court, is protected by derivative absolute judicial immunity to which the Supreme Court of Virginia is entitled because she was acting "in obedience to a judicial order or under the court's direction." *McCray v. Maryland*, 456 F.2d 1, 5 (4th Cir. 1972).